Pope ads. McGee.

SAMUEL POPE ads. BENJAMIN M. McGEE.

When plaintiff has received a certain sum of money on the re-sale of property, to one-half of which, after making certain deductions, the defendant is justly entitled, the property having been purchased for the benefit of both parties, the defendant has legal right to have the same set off against any just claim the plaintiff may have against him.

On rule to show cause why verdict for the plaintiff should not be set aside.

The facts of the case appear in the opinion of the court.

The case was argued before the CHIEF JUSTICE, and Justices DALRIMPLE and DEPUE.

For plaintiff, *A. B. Woodruff*.

For defendant, *S. Tuttle* and *C. Parker*.

DALRIMPLE, J.    The verdict in this case was in favor of the plaintiff for six thousand two hundred and one dollars and ninety-three cents.

The reason mainly relied on for setting aside the verdict is, that the defendant is entitled to the off-set against the plaintiff's claims, for certain moneys had and received by the plaintiff to the use of the defendant.

It appears that on or about the second day of May, in the year eighteen hundred and sixty-five, the plaintiff purchased of one Thompson, for the consideration of one hundred dollars, certain real estate in Pennsylvania, and afterwards sold the same at an advance of seven thousand and five hundred dollars, at least.    The deed for the property was from Thompson to the plaintiff.    The defendant's allegation is, that the plaintiff bought this property for the joint benefit of plaintiff and defendant, and that when he sold the same, one-half the profit realized was in equity the money of the

defendant, and recoverable by him as money had and received to his use by plaintiff. The jury disallowed this claim, and therein, according to defendant's contention, they erred.

On or about the first day of November, 1866, the plaintiff delivered to defendant, in plaintiff's own handwriting, an account stated, in which he debits the defendant with one-half the consideration paid for the property; one-half the charge of making and acknowledging the deed, and half of certain expenses of securing the title, and credits him with eighteen hundred and seventy-five dollars, which, according to the evidence, was one-fourth part of the advance which the plaintiff admitted he realized on a re-sale of the property. The fair, and in fact the only inference from this statement is, that the plaintiff made the purchase on joint account, and that the defendant was equitably entitled to one-half the proceeds of sale. The judge before whom the cause was tried, charged the jury that the test of the right of the defendant in the amount realized, was the interest that it was understood between himself and plaintiff that defendant was to have in the purchase, previous to its being made. To the correctness of this part of the charge no exception seems to have been taken. After a careful examination of the plaintiff's evidence, I have not been able to find any explanation of this statement of account which will give it a different meaning from that which it evidently bears upon its face. It is an admission, in the plaintiff's handwriting, that he purchased the property as well for the defendant as himself; and that, on the re-sale thereof, the defendant was entitled to a certain share of the proceeds of sale. From the evidence before us, it appears that the jury wholly disregarded this written statement. There was no evidence in the case to warrant them in so doing. The verdict in that respect is, therefore, clearly against the evidence.

The rule to show cause must be made absolute, unless the plaintiff will, during the term, remit the whole amount of his verdict, save the sum of two thousand two hundred and

sixty-one dollars and fifty cents, which sum of two thousand two hundred and sixty-one dollars and fifty cents, upon a careful examination and consideration of the evidence, appears to be the amount for which the verdict should have been rendered if the defendant had been allowed one-half the net profits realized upon the sale of the real estate referred to.

The CHIEF JUSTICE and Justice DEPUE, concurred.